IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICHOLAS J. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-426 (MN) |
| | ) | |
| DANA METZGER, Warden, and | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

# **MEMORANDUM OPINION**[2]

Nicholas J. Davis. *Pro se* Petitioner.

Andrew J. Vella, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

August 13, 2019
Wilmington, Delaware

---

[1] Warden Dana Metzger has replaced former Warden David Pierce, and original party to this case. *See* Fed. R. Civ. P. 25(d).

[2] This case was re-assigned from the Honorable Gregory M. Sleet's docket to the undersigned's docket on September 20, 2018.

**NOREIKA, U.S. DISTRICT JUDGE**

Petitioner Nicholas J. Davis ("Petitioner") filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") (D.I. 3) while he was incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. The State filed an Answer in opposition. (D.I. 11). For the reasons discussed, the Court will deny the Petition.

**I.     BACKGROUND**

In September 2009, Petitioner pleaded guilty to possession of a deadly weapon during the commission of a felony ("PDWDCF") and second degree robbery. (D.I. 11 at 1). The Delaware Superior Court sentenced him to three years at Level 5 with credit for 151 days previously served, suspended for one year at Level 3 probation. (D.I. 11 at 1; D.I. 14-4 at 5). Petitioner did not appeal his conviction or sentence.

On September 29, 2011, the Superior Court found Petitioner in violation of his probation for his robbery conviction and sentenced him to five years at Level 5, to be suspended upon successful completion of the Greentree Program for eighteen months at Level 3 probation. (D.I. 11 at 2). Petitioner filed a motion for modification of sentence on June 18, 2012, which the Superior Court denied on July 24, 2012. (D.I. 14-5 at 2). On April 2, 2015, while still serving the VOP sentence related to his robbery conviction, Petitioner filed a motion for credit for time served. (D.I. 11 at 2; D.I. 14-5 at 2) Then, on April 22, 2015, Petitioner was arrested for possessing a cell phone. (D.I. 3 at 5; D.I. 11 at 2) The Superior Court denied Petitioner's motion for credit for time served on April 30, 2015, observing that Petitioner's confession to possessing a cell phone resulted in his removal from the Greentree Program and reclassification to a higher security level. (D.I. 11 at 2; D.I. 14-5 at 3).

On May 7, 2015, by information, the State charged Petitioner with promoting prison contraband regarding the same cell phone. (D.I. 11 at 2; D.I. 14-7 at 1). Petitioner pleaded guilty

1

to promoting prison contraband on June 9, 2015, and the Superior Court sentenced him to three years at Level 5, suspended after sixty days for one year at Level 3 probation. (D.I. 11 at 2; D.I. 14-2 at 1).

Petitioner filed the instant Petition in May 2016. (D.I. 3). The sole Claim asserts that the incarceration portion of the sentence for his prison contraband conviction should have expired on May 20, 2016, thereby rendering his continued incarceration past that date illegal. (D.I. 3 at 5).

Petitioner was released from prison on September 28, 2016, at which time he started serving his concurrent probationary sentences for his robbery and promoting prison contraband convictions. (D.I. 11 at 2). On November 10, 2016, while on probation, Petitioner was arrested on new charges of aggravated menacing, possession of a deadly weapon by a person prohibited, offensive touching, and driving without a valid license. (D.I. 11 at 2; D.I. 14-3 at 1). DOC officials took Petitioner back into custody on November 15, 2016, and filed an administrative warrant on November 16, 2016. DOC officials filed a violation of probation report on November 22, 2016. (D.I. 11 at 2; D.I. 14-4). The state court records do not provide information past November 22, 2016. According to the Delaware Inmate Locator, however, Petitioner is presently incarcerated at the Sussex Correctional Institution in Georgetown, Delaware.

## II.  GOVERNING LEGAL PRINCIPLES

Pursuant to Article III of the Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings," *Lewis,* 494 U.S. at 477-78, and there must be "a live case or controversy at the time that a federal court decides the case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). "[T]he

question of mootness is one . . . which a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). Collateral consequences, however, will not be presumed when a petitioner does not attack his conviction but, instead, challenges a "sentence that has already been served." *Burkey v. Marberry,* 556 F.3d 142, 148 (3d Cir. 2009). In such cases, the collateral consequences must be proven and likely to be redressed by a favorable judicial decision. *Id.* at 148; *Spencer*, 523 U.S. at 7. In the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *See Rice*, 404 U.S. at 246.

### III. DISCUSSION

In his sole Claim for relief, Petitioner asserts that that the original sanction imposed for being found in possession of a cell phone was thirty days in isolation and a loss of thirty days of good time credit, and that he should have been released from the incarceration portion on May 20, 2016. He alleges that a new prison policy went into effect on November 2, 2015 requiring that anyone found in possession of a cell phone will lose "all good-time credit up to that date [November 2, 2015]." (D.I. 3 at 5). Petitioner appears to believe that the incarceration portion of the sentence imposed for his prison contraband conviction was illegally extended as a result of the new policy, and asserts that the loss of all good time credit earned up to November 2, 2015 "was not part of [his] original sanction nor part of the plea agreement [he] signed on [June 9, 2015]." (D.I. 3 at 5). He asks to be "released as soon as possible." (D.I. 3 at 15).

Petitioner's Claim does not warrant relief for two reasons. First, Petitioner is challenging DOC policy regarding internal prison sanctions calling for the loss of good-time credits rather than his underlying conviction for promoting prison contraband or the sentence imposed for that conviction. Notably, Petitioner has not demonstrated that the "new" policy was applied in his case, or that he lost more than the 30 days of good-time credits indicated in the April 2015 sanction imposed for his possession of a cell phone. Consequently, the Court will deny the Claim as factually baseless.

Second, the Claim is moot. Petitioner was released from prison on September 28, 2016 to start serving the probationary portion of his contraband sentence, and he actually obtained the relief ("release[] as soon as possible") sought in his May 2016 habeas Petition. Petitioner does not allege any continuing collateral consequences stemming from the Claim in his Petition that can be redressed by a favorable judicial decision in this federal habeas proceeding. By failing to demonstrate continuing collateral consequences, Petitioner has failed to satisfy Article III's case-and-controversy requirement.[3] Accordingly, the Court will alternatively deny the instant Petition as moot.

## IV. **CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v.*

---

[3] Petitioner's re-incarceration on new charges in November 2016 does not affect the mootness of the instant Claim pertaining to Petitioner's sentence for his promoting prison contraband conviction.

4

*McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the instant Petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

**V.** **CONCLUSION**

For the reasons stated, the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.